# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

ALEC CERULLO,
> Plaintiff,

vs.                                                     CA 14-364-ML

ASHBEL T. WALL,
> Defendant.

### MEMORANDUM AND ORDER

Plaintiff Alec Cerullo, *pro se*, an inmate at the Adult Correctional Institutions ("ACI"), has

filed a Complaint (Doc. #1) pursuant to 42 U.S.C. § 1983, a Motion for Appointment of Counsel

(Doc. #2) ("Motion for Counsel"), and an Application to Proceed without Prepayment of Fees and

Affidavit (Doc. #3) ("Application"). The Court is required to screen the Complaint pursuant to 28

U.S.C. §§ 1915(e)(2) and 1916A.

### DISCUSSION

I.      Screening

> In connection with proceedings *in forma pauperis*, Section 1915(e)(2), 28 U.S.C.,
> directs the Court to dismiss a case at any time if the Court determines that the action
> is, *inter alia*, frivolous or fails to state a claim on which relief may be granted. 28
> U.S.C. § 1915(e)(2). Similarly, Section 1915A, 28 U.S.C., directs courts to screen
> complaints filed by prisoners against a governmental entity, officer or employee and
> dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

Chase v. Chafee, No. CA 11-586ML, 2011 WL 6826504, at *1 (D.R.I. Dec. 9, 2011). The legal

standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2) and 1915A

is the same as the legal standard used for ruling on a 12(b)(6) motion. Id. at *2.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009)(quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>; <u>see also</u> <u>Ocasio-Hernández</u> <u>v. Fortuño-Burset</u>, 640 F.3d 1, 13 (1st Cir. 2013)("The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678 (internal quotation marks omitted."). However, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (internal quotation marks omitted.). "In order to show an entitlement to relief, a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true ....'" <u>Ocasio-Hernández</u>, 640 F.3d at 12 (quoting <u>Twombly</u>, 550 U.S. at 555).

"In making this determination, the Court must accept plaintiff's well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions, unverifiable conclusions or irrational factual allegations." <u>Chase</u>, 2011 WL 6826504, at *2 (citing <u>Iqbal</u>, 556 U.S. at 678). Moreover, the Court must review pleadings of a *pro se* plaintiff liberally. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

II.     Complaint

In his Complaint Plaintiff names as Defendant Ashbel T. Wall, Director of the Rhode Island Department of Corrections ("RIDOC"), "and everyone who is involved to[o]." Complaint at 3. He does not identify "everyone who is involved ..., " in violation of Federal Rule of Civil Procedure

10(a) and District of Rhode Island Local Rule 5.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); DRI LR Cv 5(a)(1) ("Any pleading or other document asserting a claim or counterclaim of any type shall include the full caption showing the names of all parties.").  Plaintiff seeks restoration of good time he alleges he lost as well as damages for pain and suffering and emotional distress.  Complaint at 3.

In its present form Plaintiff's Complaint is incoherent and subject to dismissal for failure to state a claim.  Throughout the Complaint Plaintiff refers to "they," without making specific allegations against named individuals.[1]  Nor does Plaintiff identify what constitutional or statutory rights he alleges were violated.  His only indication of the Court's jurisdiction appears on the Civil Cover Sheet filed with the Complaint.  Although Plaintiff provides some dates, they are not in chronological order.  In short, the Complaint lacks a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2); see also Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

The Court will allow Plaintiff the opportunity to file an amended complaint if he chooses to do so.  Such amended complaint shall:

1) Be entitled "Amended Complaint;"

2) List the names of all of the defendants in the caption;

3) Include a "short and plain statement of the grounds for the Court's jurisdiction," pursuant to Fed. R. Civ. P. 8(a)(1);

---

[1] Plaintiff mentions several names in the Complaint, but makes no allegations against these individuals.

4) Include a "short and plain statement of the claim showing that the pleader is entitled to relief," pursuant to Fed. R. Civ. P. 8(a)(2);

5) Be a complete document, capable of being read and understood without having to refer to other documents such as the Civil Cover Sheet;

6) Organize his claims in separate paragraphs, as required by Fed. R. Civ. P. 10(b),[2] which should describe his allegations in chronological order and make specific allegations against specific, named individuals; and

7) State clearly what rights he claims have been violated.

If Plaintiff chooses to file an amended complaint, the Court will then re-screen the amended complaint.

III.    Pending Motions

With regard to his Application, although Plaintiff has filed the affidavit required by 28 U.S.C. § 1915(a)(1) and a printout of his inmate statement, the statement for the most part shows transactions subsequent, not prior, to the 6-month period immediately preceding the filing of the original Complaint, and it is not certified by an appropriate official at the ACI as directed by 28 U.S.C. § 1915(a)(2).[3] If Plaintiff chooses to file an amended complaint, he should file with it a copy

_____

[2] Federal Rule of Civil Procedure 10 provides, in relevant part: "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

[3] Section 1915(a) provides in relevant part:

(a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

of his inmate account statement, obtained from and certified by an appropriate official at the ACI, for the 6-month period immediately **preceding** the filing of the original Complaint. The Court will then rule upon his Application to proceed *in forma pauperis*. The Court will also rule upon Plaintiff's pending Motion for Counsel at that time.

CONCLUSION

If Plaintiff so chooses, he may file an amended complaint as described above. If he chooses to do so, he shall file his amended complaint on or before January 15, 2015. The Court will then re-screen the amended complaint. If Plaintiff does not file an amended complaint by that date, the Court will assume that he is no longer interested in pursuing this action and will dismiss the Complaint.

In addition, if Plaintiff decides to proceed with his case and his Application to proceed *in forma pauperis*, he should file a certified copy of his inmate account statement for the 6-month period prior to the filing of the original Complaint on or before January 15, 2015. The Court will then rule on his Application and Motion for Counsel.

SO ORDERED:

---

(2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit under paragraph (1), **shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.**

28 U.S.C. § 1915(a) (bold added).

/s/ Mary M. Lisi

Mary M. Lisi
United States District Judge

DATE: December 18, 2014