# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

ALEC CERULLO,
            Plaintiff,

  vs.                                                CA 14-364-ML

ASHBEL T. WALL,
            Defendant.

## MEMORANDUM AND ORDER

Plaintiff Alec Cerullo filed a *pro se* Complaint (Doc. #1) on August 14, 2014. He also filed a Motion for Appointment of Counsel (Doc. #2) ("Motion for Counsel"), and an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #3) ("Application").

I.    Complaint

In a Memorandum and Order issued on December 18, 2014 (Doc. #5) ("12/18/14 M&O"), the Court found that Plaintiff's original Complaint was "incoherent and subject to dismissal for failure to state a claim." 12/18/14 M&O at 3. The Court also pointed out that Plaintiff's Complaint did not comply with the Federal Rules of Civil Procedure and the District of Rhode Island Local Rules. 12/18/14 M&O at 2-3. However, the Court allowed Plaintiff the opportunity to file an amended complaint if he chose to do so. Plaintiff was given specific instructions regarding the format of the proposed amended complaint. 12/18/14 M&O at 3-4.

Plaintiff filed an amendment to his Complaint (Doc. #6) on January 15, 2015, but the amended complaint failed to address the deficiencies identified in the original Complaint. Rather than dismiss the amended complaint for noncompliance with the Court's 12/18/14 M&O, the Court will give Plaintiff one last chance to cure the deficiencies which the Court identified in the 12/18/14

M&O.

Therefore, if he chooses to do so, Plaintiff may file a second amended complaint which complies with the 12/18/14 M&O. Plaintiff is referred to pages 3-4 of that document for guidance. The Court has enclosed a copy of the 12/18/14 M&O.

If Plaintiff wishes to file a second amended complaint, he shall do so on or before April 3, 2015. The Court will then re-screen the second amended complaint. If Plaintiff does not file a second amended complaint by the above date, the Court will assume that Plaintiff is no longer interested in pursuing this action and will dismiss the Complaint.

II. Application to Proceed *in Forma Pauperis*

With regard to his Application, Plaintiff has now filed a certified copy of his inmate account statement, as directed by the 12/18/14 M&O. The Court will rule on his Application when it receives Plaintiff's second amended complaint if he chooses to file one.

III. Motion for Counsel

Plaintiff seeks the appointment of counsel to represent him in pursuing this action. There is no constitutional right to appointed counsel in a civil case. Maroni v. Pemi-Baker Reg'l Sch. Dist., 346 F.3d 247, 257 (1st Cir. 2003); King v. Greenblatt, 149 F.3d 9, 14 (1st Cir. 1998)("This being a civil case, there is no constitutional right to counsel and the statutory authority is discretionary.")(internal citation omitted). Plaintiff must demonstrate that exceptional circumstances are present such that a denial of counsel is likely to result in fundamental unfairness impinging on his due process rights. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (citing courts which have held that "an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel").

To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on, among other things, the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. DesRosiers v. Moran, 949 F.2d at 24. With respect to the merits of this case, there is nothing in Plaintiff's Complaint which would allow an affirmative finding at this point that Plaintiff's claims appear to have merit. While this does not necessarily mean that his claims are meritless, in the absence of an affirmative finding this factor does not weigh in favor of the appointment of counsel.

Regarding the complexity of the case, although Plaintiff states that the issues involved in the case are complex and will require significant research and investigation, Motion for Counsel at 1, as best the Court can discern Plaintiff's claims appear straightforward. The Court does not find that the legal issues raised by these claims are so complex as to weigh in favor of the appointment of counsel.

As for Plaintiff's ability to represent himself, he argues that his imprisonment will greatly limit his ability to litigate, he has limited access to the prison library, and he has limited knowledge of the law. Id. However, the same can be said of many, if not most, prisoners. Therefore, the Court finds that this factor does not favor the appointment of counsel.

In short, Plaintiff has not demonstrated exceptional circumstances in his case to justify the appointment of counsel. Accordingly, the Motion for Counsel is DENIED.

## CONCLUSION

If Plaintiff so chooses, he may file a second amended complaint as described above. If he chooses to do so, he shall file his amended complaint on or before April 3, 2015. The Court will

then re-screen the amended complaint and will rule on Plaintiff's pending Application to proceed *in forma pauperis*. If Plaintiff does not file an amended complaint by that date, the Court will assume that he is no longer interested in pursuing this action and will dismiss the Complaint. Plaintiff's Motion for Counsel is DENIED.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
United States District Judge

DATE: March 16, 2015